**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ALVIN STEFFIEN**[1],

    Plaintiff,

v.     Civ. No. 11-239 MV/LFG

**CENSUS BUREAU 2010**,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss, or in the alternative, for summary judgment, filed May 11, 2011 (Doc. 11). Pro-se Plaintiff Alvin Steffien's case was removed to this Court on March 17, 2011, *see* Doc. 1. Plaintiff failed to submit a response to the motion, which seeks dismissal on the ground of, *inter alia*, lack of subject-matter jurisdiction, under FED.R.CIV.P. 12(b)(1). The Court has reviewed the motion and its attachments, the Complaint and its attachments, and the applicable law, and concludes that the motion must be granted.

Plaintiff was employed by the U.S. Census Bureau as a temporary employee during the 2010 Decennial Census. On an unspecified date, while in "the Apache Pueblo parking lot," Plaintiff ran into a three-foot-tall steel post that he did not see. Civil Complaint, Doc. 2 at 5. On or about July 16, 2010, Plaintiff submitted a form CD-224 "Employee Claim for Loss of or Damage to Personal Property," seeking to recoup $2,876.02 for damages to his truck. *See id.* at 8 .

---

[1] Steffien's name was inadvertently misspelled by the Santa Fe Magistrate Court, and the Court has used the spelling that Steffien uses. *See*, *e.g.*, Doc. 2 at 8, 9.

The United States Department of Commerce rejected Steffien's claim on August 12, 2010. In the rejection letter, the claims officer stated:

> The Department of Commerce Administrative Order 203.17 sets forth the policy for making reimbursement on personal property claims. Departmental policy allows reimbursement to employees for damage to or loss of personal property only under very limited circumstances. We denied your claim based on the following:
>
> Employee negligence.

*See* Doc. 11, Ex. 1 (Smith Declaration) & Att. 1-B.

Plaintiff sought reconsideration, *see id.* Att. 1-C, and this, too, was denied, giving Plaintiff greater detail:

> Claims for personal property losses of federal government employees are considered under the terms of the Military Personnel and Civilian Employees Claims Act of 1964 (MPCECA), 31 U.S.C. 3721, which has been implemented at the Department of Commerce by the Department Administrative Order (DAO) 203-17. The Act provides that an agency may pay a claim "by an officer or employee of the agency for damage to, or loss of, personal property incident to service" not covered by insurance and sustained through no fault of the employee. This requirement is also memorialized in DAO 2-3-17, Section 7.01 wherein it states:
>
> A claim is allowable under the Act only if it meets <u>all</u> of the following conditions:
>
>> e. The loss or damage was not caused wholly or partly by the negligent, willful, or wrongful act of the employee or other claimant . . . .

*See id.*, Att. 1-D.

The claims officer concluded that running into a stationary object cannot occur without some negligence on Plaintiff's part. *See id.* Plaintiff then filed his Complaint in state-magistrate court, but has yet to file any documents in the case since it was removed, including a response to the Motion to Dismiss.

Defendant argues this Court does not have subject-matter jurisdiction over this case, and the Court agrees.  The Military Personnel and Civilian Employees' Claims Act of 1964 (MPCECA), 31 U.S.C. § 3721 (1982), provides that claims disposed of under the Act are "final and conclusive." § 3721(a)(3), (k).  Those decisions, therefore, are not subject to judicial review.  *See Merrifield v. United States*, 14 Cl. Ct. 180, 183-84 (Cl. Ct. 1988); *Meade v. F.A.A.*, 855 F. Supp. 619, 620 (E.D.N.Y. 1994) (holding that complaint challenging the F.A.A.'s denial of employee's claim for damage to his properly is precluded under § 3721(k)); *Macomber v. United States*, 335 F. Supp. 197, 199 (D.R.I. 1971) (holding that judicial review was precluded under predecessor statute to § 3721 based on statute's explicit language and the legislative history, as illustrated in the Senate Report, which includes a letter from the Assistant Secretary of the Interior to the Chairman of the Judiciary Committee stating that "No provision is made for appeal to the courts. On the contrary, the bill provides that the administrative settlement of a claim is final and conclusive.").

Because the statute governing Steffien's personal-property claim precludes judicial review, and Steffien points to no other statute that waives the United States' sovereign immunity, *see James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992); or that demonstrates that he may sue the 2010 Decennial Census program in its own name, *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952) ("When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity."), this Court lacks subject-matter jurisdiction over the case.  Accordingly, Defendant's motion to dismiss must be granted.

**IT IS THEREFORE ORDERED THAT** Defendant's motion to dismiss [Doc. 11] is **GRANTED**.

**IT IS SO ORDERED**.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**